

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-2-2008

# Boyd v. Wilmington Pol Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1731

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Boyd v. Wilmington Pol Dept" (2008). *2008 Decisions.* Paper 170.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/170

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1731
_____

KENNETH A. BOYD,

Appellant

v.

WILMINGTON POLICE DEPARTMENT;
CITY OF WILMINGTON

_____

On Appeal from the United States District Court
for the District of Delaware
District Court No. 05-CV-00178
District Judge: The Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 24, 2008

Before: RENDELL and SMITH, *Circuit Judges*,
and POLLAK*, *District Judge**

(Filed: December 2, 2008)

_____

OPINION

_____

_____

*The Honorable Louis H. Pollak, Senior District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

1

SMITH, *Circuit Judge*.

On March 22, 2005, Kenneth Boyd, an African-American police officer with the Wilmington Police Department, filed a civil action against the City of Wilmington ("the City") in the United States District Court for the District of Delaware. Boyd brought a Title VII racial discrimination claim relating to his failure to be promoted to the rank of sergeant in the Wilmington Police Department. On October 2, 2006, a trial commenced after the completion of the voir dire and jury selection process. On October 4, 2006, the jury returned a unanimous verdict in favor of the City, finding that the City did not discriminate against Boyd when he was not promoted to the rank of sergeant. On October 12, 2006, the District Court entered a judgment in favor of the City; and, on October 26, 2006, Boyd filed a motion for a new trial pursuant to Federal Rule of Civil Procedure ("FRCP") 59.

Boyd asserted two grounds for a new trial: (1) the District Court's process for assembling a jury venire violated the Jury Selection and Service Act of 1968 ("the Act"), 28 U.S.C. § 1861, et seq., because it resulted in an under-representation of African-Americans in the venire, which deprived Boyd of the right to have a jury comprised of a fair cross-section of the community; and (2) the District Court's exclusion of impeachment evidence on cross-examination pursuant to Federal Rule of Evidence ("FRE") 403 was an abuse of discretion. On January 16, 2007, the District Court denied Boyd's motion as to the first asserted ground, and reserved judgment for the second

2

ground. On February 16, 2007, Boyd filed a motion to certify the District Court's judgment pursuant to FRCP 54(b), and the following week, the District Court granted the Certification of Judgment. On March 9, 2007, Boyd filed a Notice of Appeal pursuant to the certified judgment. On November 1, 2007, the District Court denied Boyd's motion for a new trial as to the second asserted ground, and Boyd subsequently filed an Amended Notice of Appeal on November 27, 2007.

The issues on appeal are (1) whether the District Court erred in denying Boyd's motion for a new trial on the ground that the District Court's process for assembling a jury venire violated the Act, and (2) whether the District Court abused its discretion in denying Boyd's motion for a new trial on the ground that, during trial, the District Court improperly excluded impeachment evidence on cross-examination pursuant to FRE 403. The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.[1]

Our standard of review for the first issue is plenary because the District Court's denial of the motion for a new trial was "based upon the interpretation and application of a legal precept." *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985).

---

[1] We do not need to reach the jurisdictional issue of whether the January 16, 2007 order was final within the meaning of 28 U.S.C. § 1291 and was properly certified pursuant to FRCP 54(b). *See Carter v. City of Phila.*, 181 F.3d 339 (3d Cir. 1999). Even if the March 9, 2007 Notice of Appeal was premature, it ripened after the District Court's entry of judgment on the remaining issue on November 1, 2007. Fed. R. App. P. 4(a)(4); *see also Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 587 (3d Cir. 1999).

Our standard of review for the second issue is abuse of discretion. *Link v. Mercedes-Benz of N. America, Inc.*, 788 F.2d 918, 921–22 (3d Cir. 1986)

The Act under which Boyd brings his jury selection claim has a statute of limitations provision:

> In civil cases, before the voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds thereof, whichever is earlier, any party may move to stay the proceedings on the ground of substantial failure to comply with the provisions of this title in selecting the petit jury.

28 U.S.C. § 1867(c). Boyd did not raise his jury selection claim until 21 days after the verdict and 14 days after the entry of judgment. He argues that he was put on notice of this issue only after Juror Number 5, who was the lone African-American juror, claimed that the other jurors would not allow her to participate in the deliberation process.

Setting aside the fact that Boyd was charged with breaking Delaware law by misusing the Wilmington Police Department's computer systems to track down Juror Number 5, Boyd admits in his briefing that his counsel was well aware before voir dire that the District Court's jury selection procedures allegedly result in an under-representation of African-Americans in the venire. On June 2, 2005, which was 16 months prior to Boyd's trial, Boyd's counsel raised this same jury selection issue in a different case before the same District Court. *Miller v. Town of Milton*, C.A. No. 03-876 (SLR). In the *Miller* case, Chief Judge Robinson determined that this objection lacked merit. In the present case, Boyd admits that "[i]n light of Chief Judge Robinson's prior

4

determination that a challenge to the jury venire was fruitless, Boyd's counsel did not challenge the venire in the <u>Boyd</u> jury selection process." Brief of Appellant at 11. Boyd's failure to raise this claim at the time of voir dire is fatal to his claim pursuant to § 1867(c); as a result, we will affirm the District Court.

Boyd's evidentiary claim is based on the District Court's determination not to allow Boyd's counsel to cross-examine Lieutenant Mitchell Rock, a defense witness, regarding Lt. Rock's alleged use of racial slurs. We conclude that the District Court did not abuse its discretion in upholding the ruling that this evidence was properly excluded under FRE 403. The evidence had little to no probative value because Lt. Rock had absolutely no role in the Wilmington Police Department's promotion process and Lt. Rock was never in a supervisory position to Boyd; furthermore, the evidence would have been highly prejudicial and confusing. *See Figures v. Bd. of Pub. Util. of the City of Kan. City, Kan.*, 967 F.2d 357, 360–61 (10th Cir. 1992).

For the reasons stated above, we will affirm the judgment of the District Court.